IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RONALD SATISH EMRIT,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN A. GALE, Secretary of State of Nebraska; and DEMOCRATIC PARTY OF THE STATE OF NEBRASKA,<br><br>Defendants. | 4:17CV3133<br><br>**MEMORANDUM AND ORDER** |

Plaintiff filed his Complaint on October 10, 2017. (Filing No. 1.) He has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). As part of its initial review, the court will not consider Plaintiff's Amended Complaint (Filing No. 12) and Second Amended Complaint (Filing No. 13) which were filed without the court's permission on November 13, 2017, and December 11, 2017, respectively, but instead will order the pleadings stricken.[1] *See* Fed. R. Civ. P. 15(a); NECivR. 15.1.

### I. SUMMARY OF COMPLAINT

Plaintiff brings this action against John A. Gale, the Secretary of State of Nebraska, and the Democratic Party of the State of Nebraska. Plaintiff alleges he

---

[1] A cursory review of both the Amended Complaint and Second Amended Complaint shows that the majority of their content consists of Plaintiff's musings and commentary about recent current events as well as happenings from Plaintiff's own life that have no bearing on the legal claims Plaintiff raises in his Complaint. (*See* Filing No. 12 at CM/ECF pp.4–12; Filing No. 13 at CM/ECF pp.1–17.) As the legal claims raised in the Amended Complaint and Second Amended Complaint are mere restatements of claims in the original Complaint, the court will not consider the purported amended pleadings in conducting this initial review.

was denied his constitutional rights when Defendants refused to place him on the ballot for the primary and general presidential election in 2016. He alleges this claim is not moot because he has decided to run for President of the United States in 2020 as a Democratic candidate.

Plaintiff alleges he is an indigent, disabled, and unemployed resident of the state of Nevada, though his current mailing address on file with the court is in Texas. Plaintiff states that he was a Democratic candidate for President of the United States in the 2016 general election, but he was only placed on an official ballot in Palm Beach County, Florida. He alleges that he "was told by several secretaries of state that in order to get placed on the ballot in the primary or general election, he would have had to get a minimum number of petitions signed from the constituents of each jurisdiction in which he wanted to run for president in the general election (as an independent candidate)." (Filing No. 1 at CM/ECF p.4, ¶18.) Plaintiff allegedly obtained a candidate ID number and registered with the Federal Election Commission. He was represented by a Political Action Committee but not by any "Super PAC," and he received no donations from any person or entity. (*Id.*, ¶¶20–21.)

Plaintiff brings this action under 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Americans with Disabilities Act ("ADA"). He alleges Defendants violated his equal protection and substantive and procedural due process rights under the Fifth and Fourteenth Amendments, as well as the Privileges and Immunities Clause in Article IV, Section 2, Clause I, of the United States Constitution (Comity Clause). Plaintiff also alleges state law claims of negligence and breach of contract. For relief, he seeks 45 million dollars in compensatory and punitive damages and injunctive relief in the form of ordering Defendants to place him on the ballot for the primary and general election in Nebraska in 2020.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

# III. DISCUSSION OF CLAIMS

## A. Sovereign Immunity

Plaintiff did not specify the capacity in which Secretary of State Gale is sued. Where a plaintiff fails to "expressly and unambiguously" state that a public official is sued in his individual capacity, the court "assume[s] that the defendant is sued only in his or her official capacity." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and an employee of a state sued in the employee's official capacity. *See, e.g.*, *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446–47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g.*, *id.*; *Nevels v. Hanlon*, 656 F.2d 372, 377–78 (8th Cir. 1981). Thus, the Eleventh Amendment bars Plaintiff's claim for damages against Gale in his official capacity.

Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 that seek equitable relief from state employee defendants acting in their official capacity. Plaintiff seeks equitable relief in the present case in the form of an injunction requiring Defendants to place him on the 2020 primary and general election ballots, in addition to damages from the Nebraska Democratic Party. The court will therefore review the Complaint to determine if Plaintiff has set forth sufficient allegations to proceed on any of his claims.

**B. Standing**

Plaintiff has failed to allege sufficient facts to demonstrate that he has standing to pursue his claims for equitable relief. Standing to seek injunctive relief requires that

> "a plaintiff must show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury."

*Bernbeck v. Gale*, 829 F.3d 643, 646 (8th Cir. 2016) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)). Also, if a plaintiff fails to make any attempt to satisfy a precondition or follow a certain procedure to engage in an activity or enjoy a benefit, that plaintiff lacks standing to sue. *Id.* at 648 (citing *Pucket v. Hot Springs Sch. Dist. No. 23–2*, 526 F.3d 1151, 1161 (8th Cir. 2008)); *see also Constitution Party of S.D. v. Nelson*, 730 F.Supp.2d 992, 998–99 (D.S.D. 2010) (finding plaintiff who did not "even attempt to comply with" challenged signature threshold lacked standing), *vacated in part on other grounds*, 639 F.3d 417 (8th Cir. 2011).

In the present case, Plaintiff merely states he was told by several secretaries of state that he would need to obtain a minimum number of signed petitions from the constituents of each jurisdiction in which he wanted to run for president in the general election. Plaintiff does not allege that Secretary of State Gale was one of those secretaries of state, nor does Plaintiff allege that he attempted to comply with any requirement imposed by the State of Nebraska on potential candidates for the office of President of the United States. Even if Plaintiff had sufficiently alleged that he attempted to follow any ballot access procedure imposed by the State of Nebraska, the allegations of Plaintiff's Complaint fail to state any plausible claim for relief as set forth in detail below.

### C. Constitutional Claims

#### 1. State Actor

Under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, Plaintiff asserts that Defendants have violated his constitutional rights, but the Complaint lacks any indication that the Nebraska Democratic Party is a state actor or is a willful participant in joint activity with the State to deny constitutional rights. *See Magee v. Tr. of Hamline Univ, Minn.*, 747 F.3d 532, 536 (8th Cir. 2014). Indeed, as explained below, the Complaint fails to sufficiently allege any constitutional violation whatsoever.

#### 2. Equal Protection

The Equal Protection Clause of the Fourteenth Amendment provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The clause essentially directs "that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). To state an equal protection claim, a plaintiff must establish that he was treated differently from others similarly situated to him. *Johnson v. City of Minneapolis*, 152 F.3d 859, 862 (8th Cir. 1998).

Plaintiff alleges that because he is African-American, any federal, state, or local laws/regulations restricting him from being on the ballot must pass a strict scrutiny test. (Filing No. 1 at CM/ECF p.5, ¶¶23–24.) Plaintiff "argues in 'good faith' that there is no compelling government objective in requiring him to obtain a minimum number of petitions/signatures" in order to be placed on the ballot. (*Id.* at p.6, ¶26.) However, Plaintiff does not allege any facts that show he was, or would be, treated differently from those who are not African-American by being required to provide a number of petition signatures to be placed on an election ballot.

6

Plaintiff also does not allege what specific Nebraska laws or regulations restrict him from being placed on the primary and general election ballots nor how these laws violate his constitutional rights.

Every state has some type of ballot access law, including Nebraska. *See*, *e.g.* Neb. Rev. Stat. § 32-620 (describing requirements for partisan and nonpartisan candidates for office of President to be placed on general election ballot); Neb. Rev. Stat. § 32-633 (requirements for write-in campaign for President). "[A]s a practical matter, there must be a substantial regulation of elections if they are to be fair and honest and if some sort of order, rather than chaos, is to accompany the democratic processes." *Storer v. Brown*, 415 U.S. 724, 730 (1974). Accordingly, "[t]he Elections Clause gives States authority 'to enact the numerous requirements as to procedure and safeguards which experience shows are necessary in order to enforce the fundamental right involved.'" *U.S. Term Limits, Inc. v. Thornton*, 514 U.S. 779, 834 (1995) (quoting *Smiley v. Holm*, 285 U.S. 355, 366 (1932)). States are thus entitled to adopt "generally applicable and evenhanded restrictions that protect the integrity and reliability of the electoral process itself." *Anderson v. Celebrezze*, 460 U.S. 780, 788 n. 9 (1983).

"For a ballot access restriction to be found unconstitutional, a challenger first must establish that the law imposes a substantial burden." *Libertarian Party of N. Dakota v. Jaeger*, 659 F.3d 687, 694 (8th Cir. 2011). Here, Plaintiff does not challenge the specific number of petitions or signatures required, but rather disagrees with having to submit any petitions because he feels there is no compelling government justification for it. Plaintiff's claim lacks merit. Not only does the Constitution permit it, but "[c]ommon sense . . . compels the conclusion that government must play an active role in structuring elections." *Burdick v. Takushi*, 504 U.S. 428, 433 (1992). The Supreme Court has upheld challenges to signature requirements, even those equaling 5% of the eligible voting base. *See Am. Party of Tex. v. White*, 415 U.S. 767, 789 (1974) ("Demanding signatures equal in number of 3% or 5% of the vote in the last election is not invalid on its face . . . ."); *Jennness v. Fortson*, 403 U.S. 431, 438 (1971) ("[W]e cannot say that

Georgia's 5% petition requirement violates the Constitution."). The court, therefore, will dismiss Plaintiff's equal protection claims for failure to state a claim upon which relief can be granted.

### 3. Due Process

Plaintiff restates the allegations from his equal protection claim in support of his due process claim, adding only that, "[a]t the very least, the plaintiff should have been given notice and a hearing with regards to his not being placed on the 2016 ballots . . . and he should be given a notice and a hearing in the future if he will be excluded from the ballots in 2020." ([Filing No. 1 at CM/ECF p.7, ¶33](#).)

The Due Process Clause provides that "no State shall . . . deprive any person of life, liberty, or property, without due process of law." [U.S. Const. amend. XIV, § 1](#). "'Parties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right they must first be notified.'" *[Lind v. Midland Funding, L.L.C.](#)*, 688 F.3d 402, 405–06 (8th Cir. 2012) (quoting *[Fuentes v. Shevin](#)*, 407 U.S. 67, 80 (1972)). To prevail on a due process claim, Plaintiff must demonstrate that he was deprived of a protected liberty interest. *See [Persechini v. Callaway](#)*, 651 F.3d 802, 806 (8th Cir. 2011) (citing *[Sandin v. Conner](#)*, 515 U.S. 472 (1995)).

For the reasons already discussed, Plaintiff has failed to allege a plausible due process claim. Plaintiff does not have a protected liberty interest in having unrestricted access to the primary and general election ballots in the state of Nebraska. Moreover, Plaintiff has not alleged any facts to show Defendants acted in such a way as to deprive Plaintiff of that purported liberty interest without due process. Plaintiff, therefore, fails to state a procedural due process claim. Also, to the extent Plaintiff seeks to assert a substantive due process claim, that claim also fails as there are no allegations of any conduct by Defendants that would shock the conscience. *See [Folkerts v. City of Waverly, Iowa](#)*, 707 F.3d 975, 980 (8th Cir. 2013) ("To establish a substantive due process violation, [a plaintiff] must

demonstrate that a fundamental right was violated and that [the government official's] conduct shocks the conscience.").

### 4. Privileges and Immunities Clause

The Privileges and Immunities Clause of the Constitution of the United States provides: "The Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States." U.S. Const. art. IV, § 2, cl. 1. "Whether differential treatment of out-of-state residents violates this Clause involves a two-part inquiry: (1) whether the state's law discriminates against out-of-state residents with regard to a privilege or immunity protected by the Clause, and (2) if so, whether sufficient justification exists for the discrimination." *Minnesota ex rel. Hatch v. Hoeven*, 456 F.3d 826, 834 (8th Cir. 2006).

As previously stated, Plaintiff does not allege any facts that show he was, or would be, treated differently from residents of Nebraska by being required to provide a minimum number of petition signatures to be placed on an election ballot. Plaintiff has not stated a plausible claim for relief under the Privileges and Immunities Clause.

### 5. Title VII

Plaintiff alleges Defendants violated Title VII of the Civil Rights Act of 1964 by failing to place him on the 2016 ballot and will violate Title VII if they continue to exclude him from future ballots. (Filing No. 1 at CM/ECF p.11, ¶¶44–45.) Title VII contains anti-discrimination provisions based on employment. *See* 42 U.S.C. § 2000e-2(a)(1); *Schwieger v. Farm Bureau Ins. Co. of NE*, 207 F.3d 480, 483 (8th Cir. 2000) ("Title VII . . . protects only employees."). Plaintiff is unemployed and is clearly not employed by either the State of Nebraska or the Nebraska Democratic Party. Plaintiff's Title VII claim is frivolous and will be dismissed.

### 6. ADA

Plaintiff asserts that Defendants have violated the ADA by excluding him from the ballots in Nebraska in the 2016 and 2020 primary and general presidential elections. ([Filing No. 1 at CM/ECF pp.12–13](), ¶50.) The ADA provides:

> [N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

[42 U.S.C.A. § 12132]().

While Plaintiff alleges he is disabled within the meaning of the ADA, the court cannot reasonably infer from the allegations in the Complaint that he was discriminated against in any way by Defendants because of a disability. Plaintiff fails to state a plausible claim for relief under the ADA, and such claim will be dismissed.

### D. State Law Claims

Plaintiff asserts negligence and contract claims against Defendants. Plaintiff has not alleged any facts to show Defendants owed him any duty, let alone that they breached any duty to him. *See [Stahlecker v. Ford Motor Co.*, 667 N.W.2d 244, 252–53 (Neb. 2003)]() ("In order to prevail in a negligence action, a plaintiff must establish the defendant's duty to protect the plaintiff from injury, a failure to discharge that duty, and damages proximately caused by the failure to discharge that duty."). Similarly, the Complaint contains no allegations to support an inference that a contract existed between the parties. Accordingly, Plaintiff's state law claims will be dismissed for failure to state a claim upon which relief can be granted.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Complaint fails to state a plausible claim for relief and is therefore subject to summary dismissal under [28 U.S.C. § 1915(e)(2)](). However, out of an abundance of caution, Plaintiff will be given 30 days in which to amend the Complaint to correct the deficiencies described herein.

## V. PENDING MOTIONS

Plaintiff has filed the following motions: Motion for Preliminary Injunction ([Filing No. 7]()), Motion to Request a Rule 16 Hearing ([Filing No. 8]()), Motion for Summary Judgment ([Filing No. 9]()), Motion to Compel Discovery ([Filing No. 10]()), and Motion to Subpoena Witnesses ([Filing No. 11]()). The court will deny all of these motions without prejudice to reassertion should Plaintiff file an amended complaint that states a plausible claim for relief.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Amended Complaint ([Filing No. 12]()) and Second Amended Complaint ([Filing No. 13]()) shall be stricken from the court file as unauthorized pleadings.

2. Plaintiff shall have 30 days in which to file an amended complaint that states a claim on which relief may be granted against Defendants. Failure to file an amended complaint within 30 days will result in the court dismissing this case without further notice to Plaintiff.

3. Plaintiff's Motion for Preliminary Injunction ([Filing No. 7]()), Motion to Request a Rule 16 Hearing ([Filing No. 8]()), Motion for Summary Judgment ([Filing No. 9]()), Motion to Compel Discovery ([Filing No. 10]()), and Motion to Subpoena Witnesses ([Filing No. 11]()) are denied without prejudice to reassertion in

the event Plaintiff files an amended complaint that states a claim upon which relief can be granted.

4.  The clerk of the court is directed to set the following pro se case management deadline in this matter with the following text: **February 28, 2018**: check for amended complaint.

Dated this 29th day of January, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge